IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RODERICK T. ALLEN, N-94327 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 12-cv-936-GPM |
| | ) | |
| S.A. GODINEZ, | ) | |
| MICHELLE L. GROOVES, | ) | |
| PAULA L. POWERS and | ) | |
| HYDE PARK BANK, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

MURPHY, District Judge:

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), is serving a 60 year sentence for murder and home invasion. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the following Defendants: S.A. Godinez, Director of the IDOC, Michelle Grooves, a nurse at Menard, Paula Powers, who is a public school teacher with the Chicago public school system and Plaintiff's half-sister, and Hyde Park Bank (Doc. 1).

Plaintiff claims Defendant Powers is paying Menard staff to harm or kill Plaintiff in order to receive proceeds from the Plaintiff's father's estate (Doc. 1). Hyde Park Bank, ostensibly, holds the accounts of this estate (Doc. 1). While a court generally must accept the factual allegations in a complaint as true, it need not accept them without question. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). A court may dismiss a claim as factually frivolous if the facts alleged are "'clearly baseless,' a category encompassing allegations that are 'fanciful',

1

'fantastic,' and 'delusional.'" *Id*. at 32-33 (quoting *Neitzke*, 490 U.S. at 325-28). Plaintiff does not give any reason for his belief concerning the allegations against Defendant Powers.

Plaintiff also claims "[t]he subject of this complaint is the use of falsified medical records pertaining to the Plaintiff's refusal of the tuberculosis skin test injection . . . ." (Doc. 1). As with the previously addressed claim, Plaintiff does not plead enough facts here to state a claim for relief that is plausible on its face.

The remainder of Plaintiff's complaint (Doc. 1) consists of various, unrelated allegations that do not appear to pertain to any particular defendant or fall under any constitutionally protected right. Although Defendant Godinez is named in the caption of the complaint, Plaintiff does not make any allegations of Godinez's personal involvement in relation to any unconstitutional activity.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. In order to state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 49 (1988). Here, Plaintiff has failed to make any such allegations. Rather, Plaintiff's complaint is filled with allegations that are "clearly baseless, a category encompassing allegations that are 'fanciful', 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32-33 (quoting *Neitzke*, 490 U.S. at 325-28). This case is **DISMISSED with prejudice**.

**Pending Motion**

Defendant's motion to combine this complaint with his civil complaint in Case No. 11-cv- 1130 MJR is **DENIED** as **MOOT**. Plaintiff's complaint in that matter has been dismissed. The case is closed.

**Disposition**

The entire case and Defendants **Godinez, Grooves, Powers** and **Hyde Park Bank** shall be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). The Clerk of the Court shall **CLOSE THIS CASE.**

**IT IS SO ORDERED.**

**DATED:** October 18, 2012

/s / *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge